IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADC TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| RESEARCH IN MOTION LIMITED, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, ADC Technology, Inc., for its complaint against Research in Motion Limited ("RIM"), alleges as follows:

## NATURE OF THE SUIT

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2.  ADC Technology, Inc. ("ADC") is a corporation organized under the laws of Japan with a principal place of business in Nagoya, Japan. Among other things, ADC develops technology and sells products used in wireless communication.

3.  ADC is the owner of a series of patents on inventions made by Toshiharu Enmei for ADC, in the field of mobile communication devices.

4.  ADC owns all right, title, and interest in, and has standing to sue for, the infringement of the following United States Patents that are titled "Portable Communicator":

- No. 6,985,136 issued January 10, 2006 ("the '136 patent");

- No. 7,057,605 issued June 6, 2006 ("the '605 patent"); and

- No. 7,567,361 issued July 28, 2009 ("the '361 patent").

5. RIM has infringed one or more of the ADC patents by selling, offering to sell, and/or importing mobile communication devices in the United States, including sales in Illinois and this judicial district.

6. Research in Motion Limited ("RIM") is a Canadian company with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8. RIM does substantial business in the judicial district and provides the products and services accused of infringement in this judicial district including, but not limited to, those associated with RIM's mobile handset products sold or marketed under the BlackBerry® names. RIM's BlackBerry® branded mobile handset products are sold and/or offered for sale throughout this judicial district at retail outlets such as those of AT&T, U.S. Cellular and Verizon.

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction over the subject matter of this case for patent infringement under 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over RIM because it conducts substantial business in Illinois, including the marketing and sale of mobile communication devices to customers in Illinois, including US Cellular, and because RIM has committed acts of patent infringement in Illinois, including this judicial district. RIM's Blackberry® branded mobile handset products are sold and/or offered for sale throughout this judicial district at retail outlets such as

those of U.S. Cellular, AT&T and Verizon.

9. RIM has placed its infringing products in the stream of commerce with knowledge and intent that the products would be distributed and sold, directly or through others in a distribution chain, to customers in Illinois and this judicial district, particularly through retail outlets such as those of U.S. Cellular, AT&T and Verizon.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391. RIM resides in this district because it is subject to personal jurisdiction here. RIM has committed acts of infringement in this district, and a substantial part of the infringing acts have occurred here. RIM is an alien corporation that can be sued in any district.

**PATENT INFRINGEMENT**

11. RIM has infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices, including, but not limited to, Blackberry®-branded mobile phones designated by the names Storm2, Bold 9700, Curve 8520, Peal 8120, Tour 9630 and 8830.

12. RIM's infringement has injured ADC, and ADC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty. To date, ADC has granted four licenses under its patents and those licenses are relevant to the royalty that should be paid by RIM in a hypothetical negotiation.

13. ADC's injury will continue unless and until this Court enters an injunction against further infringement by RIM.

14. ADC has complied with any applicable notice provisions of 35 U.S.C. § 287.

15. RIM's infringement has occurred with knowledge of the patents-in-suit and willfully and deliberately in violation of 35 U.S.C. § 284. For example, RIM was given actual notice of the patents-in-suit on or about December 2, 2009 when ADC sent a letter regarding the ADC patents to RIM. Representative claim charts were subsequently provided to RIM. Even after receiving the December 2, 2009 letter and subsequent follow-up correspondence by ADC, RIM has failed to acknowledge or address ADC's allegations of infringement and, upon information and belief, has not taken necessary steps to avoid infringement. Instead, RIM has continued to infringe the patents-in-suit in an objectively reckless manner, with complete disregard of ADC's rights and the licenses willingly accepted by RIM's competitors.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADC Technology, Inc. respectfully requests that this Court enter judgment against defendant Research in Motion Limited and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of ADC Technology, Inc. on the claim of infringement for each of the '136, '605, and '361 patents;

B.     An award of damages adequate to compensate ADC Technology, Inc. for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C.     A permanent injunction against further infringement of the '136, '605, and '361 patents;

D.     A finding that this case is exceptional and an award to ADC Technology, Inc. of all relief provided by 35 U.S.C. § 285; and

E.     Such other and further relief that ADC Technology, Inc. is entitled to under law, and any additional relief that this Court or a jury may deem just and proper.

## JURY DEMAND

ADC Technology, Inc. demands a trial by jury on all issues presented in this complaint.

ADC TECHNOLOGY, INC.


*/s/ Richard B. Megley, Jr.*
Raymond P. Niro
Dean D. Niro
Patrick F. Solon
Richard B. Megley, Jr.
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois  60602
(312) 236-0733
Fax: (312) 236-3137